**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 18 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FOSTER LEE SCOTT,

Defendant - Appellant.

No. 23-2234

D.C. No.
5:21-cr-00199-GW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted September 10, 2024
Pasadena, California

Before: R. NELSON, MILLER, and DESAI, Circuit Judges.

Foster Scott appeals his conviction after a jury found him guilty of possession

of 50 grams or more of methamphetamine with intent to distribute, in violation of

21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). Scott was charged after a detective searched

his home and found 322 grams of methamphetamine divided into six baggies and

approximately $2,300 in small bills. Scott conceded that he possessed the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

methamphetamine but disputed his intent to distribute.

When a defendant fails to object to an evidentiary ruling, we review for plain error. *United States v. Torralba-Mendia*, 784 F.3d 652, 659 (9th Cir. 2015). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not plainly err by allowing Detective Lewis to testify that he believed Scott "possessed the methamphetamine for the purpose of sales." Scott argues that the testimony was improperly speculative or based on hearsay. *See United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014). Lewis's testimony was not based on speculation. Rather, his testimony was based on Scott's statement that he wanted to "make some money" from the methamphetamine. And the testimony did not rely on inadmissible hearsay because it was based on Scott's own statements. *See* Fed. R. Evid. 801(d)(2).

2. The district court did not plainly err by allowing Sergeant Helms to testify as an expert on drug trafficking and drug use. *See* Fed. R. Evid. 704(b) (stating that an expert witness "must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense"). Rule 704(b)'s prohibition is narrow; it prohibits only "direct[] and unequivocal[]" testimony about the defendant's mental state. *United States v. Gonzales*, 307 F.3d 906, 911 (9th Cir. 2002). Although some of Sergeant Helms's testimony came close to the line, he did not "directly or unequivocally"

testify that Scott possessed a specific mens rea. "Even if the jury believed [Sergeant Helms's] testimony, the jury could have concluded that [Scott] was not a typical or representative person." *Id.*

3. Finally, even assuming that the district court erred by failing to give a curative instruction after sustaining a defense objection to a statement by the prosecutor in closing argument, any error was harmless. The district court sustained an objection to the prosecutor's statement. The court's failure to take further curative action was harmless because the jury was instructed that counsel's arguments were not evidence, and other admissible evidence supported the verdict. *See United States v. Nobari*, 574 F.3d 1065, 1082–83 (9th Cir. 2009).

**AFFIRMED.**